UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHELLE O'CONNOR, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SUN LIFE ASSURANCE COMPANY OF )<br>CANADA; COMMUNITY HEALTH )<br>SYSTEMS, INC. DISABILITY PLAN; and )<br>PORTER REGIONAL HOSPITAL, )<br>)<br>Defendants. ) | Case No.: 3:15-cv-398 |

## COMPLAINT

Comes now, the Plaintiff, Michelle O'Connor, by and through the undersigned counsel, Bridget O'Ryan, to file this Complaint against Sun Life Assurance Company of Canada, Community Health Systems, Inc. Disability Plan and Porter Regional Hospital and as cause therefore states as follows:

### Jurisdiction and Venue

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001.  The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States.  Specifically, Michelle O'Connor brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132.

2. Michelle O'Connor is a resident of Westville, Indiana and a citizen of the State of Indiana.

3. At all times material hereto, Ms. O'Connor was an employee of Porter Regional Hospital.

4. Porter Regional Hospital is owned by Community Health Systems.

5. Community Health Systems, Inc. Disability Plan is an employee benefit plan providing disability benefits to employees of Community Health Systems.

1

6.      Sun Life Assurance Company of Canada ("Sun Life") issued an insurance policy to the Community Health Systems, Inc. Disability Plan that agreed to pay long term disability benefits to Community Health Systems' employees who are unable to work due to injury or illness.

7.      Sun Life is a fiduciary of the Community Health Systems, Inc. Disability Plan.

8.      Porter Regional Hospital is a fiduciary of Community Health Systems, Inc. Disability Plan.

9.      Venue in the Northern District of Indiana is appropriate as the Community Health Systems, Inc. Disability Plan is administered in the Northern District.

## Factual Allegations

10.     Michelle O'Connor worked as a Magnetic Resonance Imaging (MRI) Technician with Porter Regional Hospital since October 2004.  This is a "medium duty" level occupation.

11.     Ms. O'Connor was forced to stop working mainly as a result of the debilitating effects of Chronic and severe low back pain.  Her date of disability is September 24, 2014.

12.     Ms. O'Connor applied for long term disability benefits that are provided to employees of Porter Hospital and insured by Sun Life.

13.     Sun Life denied Ms. O'Connor's claim for long term disability benefits.

14.     Sun Life denied Ms. O'Connor's claim for disability benefits, in part, contending that her disability coverage had supposedly lapsed in August 2013 and therefore she was subject to their pre-existing condition exclusion.  Sun Life denied the claim under this theory contending that Ms. O'Connor's claim was excluded under the policy as a pre-existing condition.

15.     As a fiduciary of the Community Health Systems, Inc. Disability Plan, Porter Regional Hospital had a fiduciary duty to notify Ms. O'Connor of any changes in her disability coverage.

16.     Porter Regional Hospital failed to notify Ms. O'Connor of any changes to her disability coverage in 2013.

17.     Porter Regional Hospital did not notify Ms. O'Connor that her disability coverage would lapse in 2013 unless she took some sort of action.

18. As a fiduciary of the Community Health Systems, Inc. Disability Plan, Sun Life had a fiduciary duty to notify Ms. O'Connor of any changes in her disability coverage.

19. Sun Life failed to notify Ms. O'Connor of any changes to her disability coverage in 2013.

20. Sun Life did not notify Ms. O'Connor that her disability coverage would lapse in 2013 unless she took some sort of action.

21. Ms. O'Connor appealed Sun Life's denial and Sun Life denied Ms. O'Connor's appeal on May 11, 2015.

22. Ms. O'Connor was unaware that Sun Life had terminated her disability coverage in 2013 until her disability claim was denied by Sun Life.

23. In their denial of the claim, Sun Life misrepresented to Ms. O'Connor that they had received a letter from Porter Regional Hospital "in which you were advised that your change in status resulted in a change in your LTD coverage."  No such letter exists.  Further, when asked to produce the alleged letter, Sun Life was unable to produce the alleged letter.

24. Ms. O'Connor has provided significant medical proof of her disability from her treating physicians, who have repeatedly opined that Ms. O'Connor is totally disabled from performing any occupation.

25. Despite this proof, the Defendants refuse to pay Ms. O'Connor her disability benefits.  As a result of the denial of benefits, Ms. O'Connor suffers from serious financial and emotional distress.

## Claims for Relief

### COUNT I -- WRONGFUL DENIAL OF EMPLOYEE BENEFITS

26. Paragraphs 1-25 are hereby realleged and incorporated herein by reference.

27. From September 24, 2014 when Ms. O'Connor was forced to leave her full-time active employment until the present, Ms. O'Connor has received appropriate care and treatment and has been unable to perform her own occupation or any gainful occupation for which she is reasonably fitted by education, training or experience.

28. Ms. O'Connor provided the Defendants with substantial medical and vocational evidence verifying her disability and continued eligibility for disability benefits under the Disability Plan.

29. Ms. O'Connor's physicians have repeatedly reported that Ms. O'Connor is unable to work in any full-time occupation due to the severity of her medical condition.

30. The Defendants wrongfully denied Ms. O'Connor's long term disability benefits in violation of the Disability Plan and ERISA.

## COUNT II – BREACH OF FIDUCIARY DUTIES

31. Plaintiff reasserts and incorporates paragraphs 1-30 above as though fully set forth herein and further alleges:

32. Defendants Porter Regional Hospital and Sun Life are "fiduciaries" within the meaning of ERISA. 29 U.S.C. § 1002(21)

33. At all times relevant hereto, Defendants Porter Regional Hospital and Sun Life owed a fiduciary duty to the Plaintiff to act solely in the interest of participants of the Plan and for the exclusive purpose of providing benefits to participants. *See* 29 U.S.C. § 1104(a).

34. Porter Regional Hospital violated their fiduciary duties to Ms. O'Connor, in part, by failing to notify Ms. O'Connor of a change in her disability coverage in 2013.

35. Sun violated their fiduciary duties to Ms. O'Connor, in part, by failing to notify Ms. O'Connor of a change in her disability coverage in 2013 and by lying to Ms. O'Connor about the information supplied by Porter Regional Hospital regarding the alleged change in coverage.

WHEREFORE, the Plaintiff, Michelle O'Connor, requests that this Honorable Court enter Judgment:

A. Finding that Michelle O'Connor is entitled to long term disability benefits and order the Defendants to pay the past due benefits.

B. Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

C. Awarding the Plaintiff reasonable reimbursement for attorney's fees and costs incurred as a result of the Defendants' wrongful denial of benefits.

D. Ordering Sun Life to disgorge the amounts they received by unjust enrichment pursuant to 29 U.S.C. § 1132(a)(3); and

E. Awarding all other relief as may be just and appropriate.

        Respectfully Submitted,

        s/ Bridget O'Ryan_____
Bridget O'Ryan
Attorneys for Michelle O'Connor
1901 Broad Ripple Avenue
Indianapolis, IN 46220
(317) 255-1000
boryan@oryanlawfirm.com